UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SADKHIN FRANCHISING COMPANY
LLC,

                Plaintiff,

         -against-

STEPHANIE ZAMORA *and* SAZ
MANAGEMENT, LLC,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM & ORDER**

25-cv-1657 (NRM) (CHK)

**NINA R. MORRISON**, United States District Judge:

Plaintiff Sadkhin Franchising Company invokes this Court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction, pursuant to 28 U.S.C § 1367, to bring this action against *pro se* Defendant Stephanie Zamora ("Zamora"), one of its former franchisees, and Zamora's corporation, SAZ Management ("SAZ") (collectively the "Defendants"). Plaintiff alleges that Zamora has misappropriated trade secrets in violation of the federal Defend Trade Secrets Act of 2016 (the "DTSA"), 18 U.S.C. § 1836 *et seq.*, and advances related claims against Zamora under New York common law. Zamora has moved to dismiss Plaintiff's complaint in its entirety. For the reasons outlined below, Zamora's motion is granted in part and denied in part.

## BACKGROUND

The following facts are drawn from Plaintiff's complaint, ECF No. 1, and are assumed to be true for purposes of this motion. *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021).

1

Sadkhin Franchising, founded by Gabrielle Sadkhin, owns, operates, and franchises weight loss centers that utilize the "Sadkhin Method" of weight loss developed by Gregory Sadkhin. Compl. ¶¶ 11–16. Plaintiff owns the intellectual property rights to the "Sadkhin System," which includes, *inter alia*, the Sadkhin operations manual, training materials, databases, and client lists. *Id.* ¶¶ 17–20. Plaintiff franchises the Sadkhin System to franchisees, who gain certain limited rights to the Sadkhin intellectual property under the Sadkhin Franchising Agreement. *Id.* ¶ 21–23. The Sadkhin System is subject to confidentiality terms under the Sadkhin Franchising Agreement, including non-solicitation and non-compete provisions. *Id.* ¶¶ 18, 24–25. The Sadkhin Franchising Agreement also provides for termination of franchisees' rights and outlines post-termination rights and obligations of terminated franchisees, including the return of Sadkhin intellectual property to Plaintiff. *Id.* ¶¶ 26–30.

On or about August 3, 2020, Zamora and SAZ entered into a franchise agreement with Plaintiff. Compl. ¶ 31. This relationship was troubled, and Plaintiff allegedly warned Zamora of repeated violations of the Sadkhin Franchising Agreement. *Id.* ¶¶ 32–37. Eventually, on an unspecified date, Zamora purported to resign as a franchisee. *Id.* ¶ 38. By August 12, 2024, Plaintiff recognized Defendants' termination as franchisees, and Daniel Radinsky, an employee of Sadkhin Franchising, asked Defendants to sign the standard paperwork provided to franchisees upon termination of their franchise. *Id.* ¶¶ 39–40.

2

Plaintiff alleges that Defendants misappropriated trade secrets by surreptitiously creating and refusing to return a hard copy print out of Plaintiff's client database and impermissibly retaining the Sadhkin Franchising operations manual and Certified Sadhkin Therapy Practitioner diplomas. Compl. ¶¶ 36, 41–43. Plaintiff also alleges that Defendants owe approximately $13,000 in unpaid royalties pursuant to the Sadhkin Franchising Agreement. *Id.* ¶ 44. Defendants have allegedly refused to return these materials despite repeated requests by Plaintiff to do so. *Id.* ¶¶ 46–48.

Plaintiff advances six causes of action against Defendants: (1) violation of the DTSA, Compl. ¶¶ 49–65; (2) common law misappropriation of trade secrets, *id.* ¶¶ 66–75; (3) breach of contract, *id.* ¶¶ 76–86; (4) breach of the implied covenant of good faith and fair dealing, *id.* ¶¶ 87–94; (5) common law unfair competition, *id.* ¶¶ 95–104; and (6) common law conversion, *id.* ¶¶ 105–109.

Zamora moved to dismiss the complaint on October 2, 2025. ECF No. 16. Plaintiff initially sought to strike Zamora's motion, ECF No. 19, which the Court denied, Dkt. Order dated Oct. 20, 2025. Thereafter, Plaintiff filed its opposition to Zamora's motion, ECF No. 21, and Zamora filed her reply on November 7, 2025, ECF No. 22.

## LEGAL STANDARD

Where, as here, a defendant has moved to dismiss a complaint for failure to state a claim, courts must evaluate whether the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  On the other hand, if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the complaint must be dismissed.  *Twombly*, 550 U.S. at 558.  Courts at this stage "must construe [the complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiff['s] favor."  *Sacerdote*, 9 F.4th at 106–07.  However, courts need not accept legal conclusions and "threadbare recitals of a cause of action's elements." *Iqbal*, 556 U.S. at 663.  Complaints that advance only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A motion to dismiss filed by a *pro se* litigant "is to be liberally construed," *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), but is still held to the same standard as a motion to dismiss filed by a represented party, *see, e.g.*, *Wendt v. BondFactor Co. LLC*, No. 16-CV-7751 (DLC), 2017 WL 3309733, at *3–4 (S.D.N.Y. Aug. 2, 2017) (applying the same general standard motions to dismiss filed by both *pro se* and represented defendants); *Hercsky v. Evans*, No. 17-CV-4199 (JMA) (GRB), 2019 WL 1043670, at *1 (E.D.N.Y. Mar. 5, 2019) (denying a *pro se* motion to dismiss, despite construing the motion liberally) (adopting report and recommendation).

## DISCUSSION

As a preliminary matter, "it is well-settled that a *pro se* individual may not appear on behalf of a corporation." *Barrie v. United States*, No. 16-CV-1769 (ENV) (LB), 2016 WL 2659549, at *1 (E.D.N.Y. May 9, 2016) (citing *Sewell v. 1199 Nat. Ben. Fund for Health Human Servs.*, 303 F. App'x 902, 903 n.1 (2d Cir. 2008) and *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001)). In fact, corporations may not appear *pro se* at all and must be represented by counsel in federal court. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). SAZ is not currently represented by counsel, and Zamora, a non-lawyer, may not represent her corporation. Accordingly, to the extent Zamora's motion seeks dismissal of claims as to SAZ, the motion is denied without prejudice.

Of course, as a *pro se* party, Zamora may seek dismissal of Plaintiff's claims as to her personally. The Court next considers each of the claims in the complaint in turn to evaluate whether these claims survive the motion to dismiss as to Zamora herself.

## I.     DTSA and Common Law Misappropriation of Trade Secrets (Counts One and Two)

Construing Zamora's motion liberally, she argues that she cannot be liable for misappropriation of trade secrets under federal or state law for several reasons: (1) the Sadkhin operations manual is not a trade secret because elements of the Sadkhin System were disclosed in a patent; (2) Zamora did not promote non-Sadkhin products

to clients during her time as a franchisee and was never warned of breaches of the Sadhkin Franchising Agreement, contrary to the allegations in the complaint; (3) the Sadkhin Method is not scientifically verified and thus cannot be a trade secret; and (4) Zamora never made or possessed a hard copy of the client list she is alleged to have wrongfully retained.  *See generally* ECF No. 16 at 2–9.[1]

"To allege misappropriation under the DTSA, a complaint must plead that the defendant misappropriated a trade secret (1) by acquiring a trade secret by improper means, or (2) disclosing or using the trade secret without consent."  *Superb Motors Inc. v. Deo*, 776 F. Supp. 3d 21, 80 (E.D.N.Y. 2025), *adhered to in part on reconsideration*, No. 23-CV-6188 (JMW), 2025 WL 2178194 (Aug. 1, 2025), and *motion to certify appeal denied*, 2026 WL 130912 (Jan. 19, 2026).  "Under New York common law, a plaintiff claiming misappropriation of a trade secret must prove: (i) it possessed a trade secret, and (ii) defendant is using that trade secret in breach of an agreement, confidence, or duty, or as a result of discovery by improper means."  *Id.* at 81 (citation modified).  "Given the elements for a misappropriation claim under New York law are fundamentally the same as elements required to sufficiently state a DTSA claim courts have found that if a plaintiff's complaint sufficiently pleads a DTSA claim, then it also states a claim for misappropriation of trade secrets under New York law."  *Id.*

A trade secret under the DTSA is defined broadly.  It includes "all forms and types of financial, business, scientific, technical, economic or engineering information

---

[1] References to page numbers use ECF pagination unless otherwise noted.

where the owner thereof has taken reasonable measures to keep such information secret and the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." *EVRYTHNG Ltd. v. Avery Dennison Retail Info. Servs., LLC*, No. 21-CV-4411 (LJL), 2021 WL 11592336, at *20 (S.D.N.Y. Aug. 2, 2021) (quoting 18 U.S.C. § 1839(3)).  New York law looks to a six-factor test to determine whether information constitutes a trade secret; New York courts consider "(1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by others." *Ashland Mgmt. Inc. v. Janien*, 624 N.E.2d 1007, 1013 (N.Y. 1993).

"A customer list developed by a business through substantial effort and kept in confidence may be treated as a trade secret and protected at the owner's instance against disclosure to a competitor, provided the information it contains is not otherwise readily ascertainable." *CourtAlert.com, Inc. v. Am. LegalNet, Inc.*, No. 20-CV-7739 (VSB), 2023 WL 6385964, at *5 (S.D.N.Y. Sep. 29, 2023).  Likewise, an operations manual that is disclosed to franchisees but otherwise kept confidential may constitute a trade secret. *JTH Tax LLC v. Kukla*, No. 22-CV-01542 (JS) (JMW),

2022 WL 1651074, at *7 (E.D.N.Y. Apr. 26, 2022), *report and recommendation adopted*, 2022 WL 1645713 (May 24, 2022).

Here, the complaint pleads factual allegations that Plaintiff is the owner of trade secrets, Compl. ¶¶ 11–14, 17–18, 50, 67, what the trade secrets are, *id.* ¶¶ 15–16, 19, 51, that reasonable efforts were made to restrict access to the trade secrets through the confidentiality provisions of the Sadkhin Franchising Agreement,[2] *id.* ¶¶ 20–30, 53–58, 68–71, the use of the trade secrets in interstate commerce, *id.* ¶¶ 2–4, 52, and the misappropriation and use by Zamora of these trade secrets, *id.* ¶¶ 33–48, 59–62, 72–74.  As a general matter, this is sufficient to state a claim under both the DTSA and New York State common law.

As to Zamora's assertion that the Sadkhin operations manual cannot constitute a trade secret because the Sadkhin Method has been patented, "a plaintiff can still have a viable trade secret claim if elements of the trade secret go beyond what was disclosed in the patent application." *Broker Genius, Inc. v. Zalta*, 280 F. Supp. 3d 495, 518 (S.D.N.Y. 2017) (citation modified).  Plaintiff asserts that the trade secrets at issue here go beyond what was disclosed in the patent.  ECF No. 21 at 10.  Thus, any overlap between the patent and Plaintiff's alleged trade secrets is a factual issue that is inappropriate to resolve at the motion to dismiss stage.

---

[2] With regard to the efforts Plaintiff made to preserve the confidentiality of its trade secrets, the Court has reviewed the Sadkhin Franchising Agreement, which Plaintiff has submitted with its opposition to Zamora's motion.  ECF No. 22-2.  Though this contract is extraneous to the complaint, the Court may properly consider it at the motion to dismiss stage because it is "integral" to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Moreover, the patent Plaintiff obtained for the Sadkhin Method is not mentioned in the complaint. "In considering a motion to dismiss pursuant to Rule 12(b)(6), a court is generally limited to the complaint and documents attached thereto." *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F. Supp. 3d 267, 278 (E.D.N.Y. 2021). A court may consider documents that are the "proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020). "If, however, there is a dispute as to the relevance, authenticity, or accuracy of the documents relied upon, the district court may not dismiss the complaint with those materials in mind." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016). "The 'no dispute' requirement has been interpreted strictly: even implicit, conclusory, contradictory, or implausible objections to the authenticity or accuracy of a document render consideration impermissible." *See Guerriero v. Diocese of Brooklyn*, No. 21-CV-4923 (MKB), 2024 WL 2826101, at *3 (E.D.N.Y. May 22, 2024) (citation modified). Because Plaintiff argues, in effect, that the patent is not relevant because the operations manual contains information that goes beyond what was disclosed in the patent, the Court declines to take judicial notice of the patent for purposes of this motion to dismiss.

Zamora also asserts that the information contained in the Sadkhin operations manual pertaining to the Sadkhin Method cannot be a trade secret because it has not been scientifically verified. However, what may constitute a trade secret under both federal and New York law is flexible and broad. *See* 18 U.S.C. § 1839(3); *Ashland Mgmt.*, 624 N.E.2d at 1013. There is no requirement that a trade secret be scientific

in nature or scientifically verifiable.  *See* 18 U.S.C. § 1839(3) (providing that a trade secret can include "financial, business, scientific, technical, economic, or engineering information"); *id.* § 1839(3)(B) (requiring that information constituting a trade secret "derive[] independent economic value, actual or potential, from not being generally known" but not requiring that such information necessarily be scientific or technical); *cf. Next Commc'ns, Inc. v. Viber Media, Inc.*, 758 F. App'x 46, 48 (2d Cir. 2018) ("A trade secret, unlike a patent, does not have to be novel or an invention.").

Finally, Zamora's contentions that she did not promote non-Sadkhin products, was never warned of breaches of the Sadkhin Franchising Agreement, and never made or possessed a hard copy of the Sadkhin client list do not entitle her to have the DTSA claim dismissed.  These are factual assertions that contradict the facts contained in the complaint.  At the motion to dismiss stage, the Court must accept Plaintiff's well-pleaded facts as true; and even though Zamora disputes some of these facts, that does not provide grounds to dismiss the misappropriation of trade secret claims against her.

Accordingly, because the complaint adequately pleads the elements of a claim under the DTSA, Zamora's motion to dismiss as to Count One is denied.  Because the DTSA claim survives the motion to dismiss, the state common law misappropriation of trade secrets claim also survives, *Superb Motors Inc.*, 776 F. Supp. 3d at 81, and Zamora's motion to dismiss as to Count Two is also denied.

10

## II.    Breach of Contract (Count Three)

Zamora asserts that, by the time her business relationship with Plaintiff ended in 2024, she was no longer a franchisee and was instead a full-time employee. ECF No. 16 at 3. She further asserts that "during her two-plus years as an employee, she never signed or was presented with any employee or post-employee termination agreement." *Id.*

Under New York law, the elements of breach of contract claim are: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Katz v. Travelers*, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

Here, the complaint alleges that the Sadkhin Franchising Agreement is a valid enforceable contract, Compl. ¶¶ 8–9, 21–31, 70, 77; that Plaintiff adequately performed its obligations under the Agreement, *id.* ¶¶ 31–33, 78; that Zamora breached the Agreement in numerous ways, *id.* ¶¶ 79–84; and that Plaintiff has suffered damages in the form of an unpaid $5,000 penalty for failure to return the Sadkhin operations manual, approximately $13,000 in unpaid royalties, unspecified damages from the misappropriation of the client list, and unspecified damages from breach of the non-compete clauses of the Agreement. These allegations adequately state a claim for breach of contract under New York law.

Zamora's assertion that she was an employee, not a franchisee, at the time of her resignation presents a factual dispute that is inappropriate to resolve at the

11

motion to dismiss stage. Accordingly, her motion to dismiss as to Count Three is denied.

### III. Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Four)

In her motion to dismiss, Zamora does not specifically address Plaintiff's claim that she breached the implied covenant of good faith and fair dealing.

"Implicit in all contracts is a covenant of good faith and fair dealing in the course of contract performance." *Somnia, Inc. v. Change Healthcare Tech. Enabled Servs., LLC*, No. 19-CV-08983 (PMH), 2021 WL 639529, at *4 (S.D.N.Y. Feb. 16, 2021). "This covenant is not designed to enlarge or create new substantive rights between the parties, but embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Id.* (citation modified). "The covenant can only impose an obligation consistent with other mutually agreed upon terms in the contract, and may survive a motion to dismiss where the implied promise protects either the contract's central purpose or a party's right under a specific contractual provision." *Id.* (citation modified). "Practically, a breach of the implied covenant of good faith and fair dealing requires the pleader to identify an obligation which supports the written terms of the agreement itself but is not *in haec verba* contained therein. A breach of the implied covenant is not a claim for relief separate from one for breach of contract; rather, it is, itself, a breach of contract." *Id.*

"The elements of a claim of breach of the implied covenant are similar to causes of action for breaches of duties of care, in that it requires the existence of a duty,

12

breach of that duty, causation, and damages." *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 598 (S.D.N.Y. 2017). A plaintiff sufficiently asserts a claim for an implied covenant by alleging conduct that undermines a contract's purpose without breaching its express terms. *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-CV-9116 (PGG), 2009 WL 321222, at *5 (S.D.N.Y. Feb. 9, 2009).

Here, construing the complaint liberally, Plaintiff has alleged that Zamora impermissibly reproduced Plaintiff's client list. While this does not appear to be a breach of a specific term of the Sadkhin Franchising Agreement, giving Plaintiff the benefit of all favorable inferences from its factual allegations at this stage of the litigation, this can fairly be read to violate the confidentially and non-compete provisions of the Agreement. Moreover, Plaintiff argues that this claim is not duplicative of its breach of contract claim because the breach of the implied covenant of good faith and fair dealing claim "rests on distinct allegations of bad-faith conduct and Ms. Zamora's purported dispute over the 'existence, scope, or enforceability of the putative contract.'" ECF No. 21 at 14 (quoting *Spinelli v. Nat'l Football League*, 903 F.3d 185, 206 (2d Cir. 2018)). At this early stage in the litigation, the Court agrees. For substantially the same reasons as outlined above regarding the claim for breach of contract, Plaintiff has adequately pled a claim for breach of the implied covenant of good faith and fair dealing.

Accordingly, Zamora's motion to dismiss as to Count Four is denied.

13

## IV.    Unfair Competition (Count Five)

Zamora asks the Court to dismiss this unfair competition claim but does not advance specific arguments regarding it.    Construing her motion to raise the strongest arguments possible, her motion appears to turn on her assertions that (1) she did not misappropriate any property from Plaintiff, and (2) she was not subject to the Sadkhin Franchising Agreement at the time her relationship with Plaintiff ended.

In New York, "[a]n unfair competition claim involving misappropriation usually concerns the taking and use of the plaintiff's property to compete against the plaintiff's own use of the same property." *Fairfield Fin. Mortg. Grp., Inc. v. Luca*, 584 F. Supp. 2d 479, 487 (E.D.N.Y. 2008) (quoting *Roy Export Co. Establishment v. Columbia Broadcasting Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982)).    However, "[i]t is well-established that a claim for unfair competition based on the same allegations as a claim for misappropriation of trade secrets is treated as a single cause of action, and should be dismissed as duplicative." *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 199 (E.D.N.Y. 2024) (citation modified) (collecting cases).    Similarly, "[w]here a plaintiff's unfair competition claim is based entirely on the same alleged conduct proscribed by contract, and plaintiff has pled a breach of contract claim, the unfair competition claim is dismissed as duplicative of the breach claim." *Bytemark, Inc. v. Xerox Corp.*, 342 F. Supp. 3d 496, 508 (S.D.N.Y. 2018).

Plaintiff's claim for unfair competition plainly rests upon either (1) Zamora's alleged misappropriation of trade secrets or (2) Zamora's alleged breach of the

14

confidentiality, non-compete, and non-solicitation provisions of the Sadkhin Franchising Agreement.  Because Plaintiff has pleaded federal and state misappropriation claims and a breach of contract claim, and the claim for unfair competition is based upon identical allegations as these other claims, the unfair competition claim is duplicative and must be dismissed.

Accordingly, Zamora's motion as to Count Five is granted.

## V.    Conversion (Count Six)

Finally, Zamora does not specifically address Plaintiff's conversion claim in her motion to dismiss the complaint.

"To prevail on a claim of conversion, a plaintiff must demonstrate that: 1) the property subject to conversion is a specific identifiable thing; 2) plaintiff had ownership, possession, or control over the property before its conversion; and 3) defendant exercised an unauthorized dominion over the thing in question, to the alteration of its condition or to the exclusion of the plaintiff's rights." *Singapore Recycle Ctr. Pte Ltd. v. Kad Int'l Mktg., Inc.*, No. 06-CV-4997 (RRM) (RER), 2009 WL 2424333, at *17 (E.D.N.Y. Aug. 6, 2009), *report and recommendation adopted*, 2009 WL 2778003 (Sep. 1, 2009).  Courts often treat conversion claims as duplicative of breach of contract claims when the two claims are based upon the same material facts and seek damages for identical alleged injuries.  *See, e.g.*, *id.* at *18 ("A cause of action for conversion, however, will be dismissed if it is duplicative of a cause of action for breach of contract, even if a plaintiff meets all the elements of conversion."); *FS Media Holding Co. (Jersey) v. Harrison*, No. 13-CV-3144 SAS, 2013 WL 5780771, at *4

15

(S.D.N.Y. Oct. 25, 2013) ("[A]n action for conversion of money may not lie where damages are merely being sought for breach of contract." (citation modified)). However, courts also permit conversion claims to advance where they are pled as an alternative to misappropriation of trade secrets claims. *See, e.g.*, *Kraus USA, Inc. v. Magarik*, No. 17-CV-6541 (ER), 2020 WL 2415670, *11 (S.D.N.Y. May 12, 2020) (finding a conversion claim was not duplicative of a misappropriation of trade secrets claim because the Federal Rules of Civil Procedure permit pleading in the alternative).

Here, the specific conduct that Plaintiff alleges states a claim for conversion — retaining the operations manual, client list, and royalty payments, ECF No. 21 at 16 — also constitutes a breach of the Sadkhin Franchising Agreement. If Plaintiff were to prevail on both the breach of contract claim and the conversion claim, Plaintiff might reap a windfall in the form of double recovery for a single course of conduct. However, Zamora's alleged retention of the operations manual and the client list also forms the basis for Plaintiff's misappropriation of trade secrets claims. Conversion appears to be an appropriate alternative theory of recovery for the misappropriation claims. While the Court would be acting within its discretion to dismiss the conversion claim as duplicative of the breach of contract claim, at this early stage in the litigation, the Court will permit this claim to advance so that Plaintiff may retain it as an alternative ground for recovery while discovery proceeds. Accordingly, Zamora's motion to dismiss as to Count Six is denied.

16

## CONCLUSION

For the foregoing reasons, Zamora's motion to dismiss the claims against SAZ is denied without prejudice.   Zamora's motion to dismiss the claims against her, in her capacity as an individual *pro se* defendant, is granted in part and denied in part. Specifically, the Court denies Zamora's motion to dismiss Counts One, Two, Three, Four, and Six, but grants her motion to dismiss Count Five (unfair competition) as duplicative of Plaintiff's misappropriation and breach of contract claims.

SO ORDERED.

 /s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated: April 29, 2026
   Brooklyn, New York